USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALID HASSAN,
                                    Petitioner,

                -against-

ERIC H. HOLDER, Attorney General of the
United States,
                                    Respondent.
------------------------------------------------------------ X

11 Civ. 7157 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

      Petitioner Walid A. Hassan brings this pro se petition ("Petition") challenging the condition set by an immigration judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA") for his release from detention. This case was referred to Magistrate Judge Debra C. Freeman for a report and recommendation (the "Report"). The Report was filed on January 2, 2014, recommending that the Petition be construed as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and that it be dismissed for lack of jurisdiction. Petitioner objected to the Report. For the following reasons, the Report is adopted, and the Petition is dismissed.

**BACKGROUND**

      The facts relevant to the Petition are set out in the Report and summarized here. Petitioner is an Egyptian citizen who entered the United States as a non-immigrant visitor on October 27, 1999, with permission to remain in the country until April 26, 2000. Petitioner was charged by the Department of Homeland Security ("DHS") with removability under § 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as a foreign-born person who had remained in the country for longer than permitted, and issued a Notice to Appear. Petitioner eventually was transferred to DHS custody in the summer of 2010, and bond

was set at $2,500 as the condition of release.

At Petitioner's request, a bond redetermination hearing was held before an IJ, who found that the bond should remain unchanged. Petitioner appealed to the BIA, which remanded to the IJ on November 19, 2010, to clarify his previous ruling. In January 2011, on remand, the IJ again upheld the amount of the bond. In July 2011, on appeal, the BIA summarily affirmed the IJ's decision.

During the course of these proceedings, Petitioner was released from DHS custody. On December 23, 2010, an individual named Muhammad Assad posted the $2,500 bond, and Petitioner was released shortly thereafter.

In October 2011, Petitioner filed the instant "Petition for Review" of the final order of the BIA, requesting that the conditions of his release be eliminated, that he be released on his own recognizance, and that he be awarded the costs of this action. Respondent opposes the Petition, arguing that 8 U.S.C. § 1226(e) divests this Court of jurisdiction to review the bond determination and that Petitioner is not entitled to a writ of habeas corpus because such relief does not extend to the review of discretionary determinations by an IJ or the BIA. Petitioner filed a reply arguing that this Court has jurisdiction if the Petition is construed as a habeas petition rather than a direct appeal.

## **STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F.

Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must make a de novo review of any portions to which the petitioner articulates a specific objection to a magistrate judge's decision on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made to the magistrate judge, the court will review the report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)). Also, "a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006).

## **DISCUSSION**

Petitioner seeks a review of the discretionary determination of the IJ and the BIA rejecting his request to be released on his own recognizance and requiring the posting of a $2,500 bond as a condition of release. Petitioner argues that he is a person of good moral character and is not a danger to the community. The Report correctly concludes that the decision whether to require a bond is a discretionary determination that takes into account the relevant facts and circumstances, and therefore is not subject to habeas or other judicial review. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section [Apprehension and Detention of Aliens] shall not be subject to review. No court

may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (holding that "discretionary decisions granting or denying bond are not subject to judicial review"); *Hamilton v. Shanahan*, No. 09 Civ. 6869, 2009 WL 5173927, at *3 (S.D.N.Y. Dec. 30, 2009); *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 453 (D.N.J. 2004) (holding that the court lacked jurisdiction to set aside discretionary bond determinations by the Attorney General).

Petitioner objects, asking that Judge Freeman be disqualified for having a conflict of interest. He claims that Judge Freeman recommended dismissing the Petition "based on her personal will," and that she relied "on false interpretation and false personal suggestion" in reaching this conclusion. Petitioner does not elaborate on the alleged personal bias Judge Freeman has towards him or indicate what interpretations he views as false. The objection is without merit because it is conclusory and in any event does not address or overcome the Court's lack of jurisdiction.

Petitioner next objects to two factual inaccuracies in the Report. He notes that he was released from DHS detention on December 23, 2010, rather than on December 28, 2010, and that he did not appeal the IJ's January 25, 2011, decision. These facts did not affect Judge Freeman's legal analysis and recommendation other than to provide context to the underlying dispute. The objection based on these immaterial factual inaccuracies is not a basis to reject the Report and also does not overcome the Court's lack of jurisdiction.

Petitioner also objects on the ground that he never received the January 2011 IJ decision or subsequent BIA appeal because they were intentionally or negligently sent to the wrong address, and therefore he was deprived of his due process and constitutional rights. This

4

argument fails for three reasons.  First, it is a new argument that was not presented to Judge Freeman, and thus the Court should not consider it here.  *See Ortiz*, 558 F. Supp. 2d at 451.  Second, even assuming that Petitioner did not receive the January 2011 IJ decision or subsequent appeal, his claim is only that he did not receive the written result of the proceedings, and not that he did not have an opportunity to present his arguments.  This does not rise to the level of a constitutional violation.  Third, Petitioner cannot show prejudice, regardless of the circumstances.  As the Report correctly found, a due process claim arising from immigration proceedings requires a petitioner to demonstrate that he was prejudiced by the alleged violation. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).  Here, Petitioner requested at both the initial hearing and in the current Petition that he be released on his own recognizance. That relief cannot be granted as 8 U.S.C. § 1226(a)(2) allows for an alien's release only on bond of at least $1,500 or conditional parole.

Having reviewed the remaining portions of the Report, to which no objection was made, the Court finds no clear error on the face of the record.

## **CONCLUSION**

For the reasons stated above, the Court hereby ADOPTS the Report in its entirety, and DENIES the petition for a writ of habeas corpus and the application for costs.

The Clerk of Court is directed to mail a copy of this Order to Petitioner and to close this case.

SO ORDERED.

Dated: April 15, 2014
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE